359 P.2d 757

**STATE of Arizona ex rel. Robert W. PICKRELL, Attorney General of the State of Arizona, Plaintiff,**

**v.**

**Robert L. MYERS, Defendant.**

**No. 7251.**

Supreme Court of Arizona.

Feb. 17, 1961.

Robert W. Pickrell, Atty. Gen., and Harold E. Whitney, Sp. Counsel to Atty. Gen., for plaintiff.

Denison Kitchel, Phoenix, for defendant.

STRUCKMEYER, Chief Justice.

This is an original proceeding in quo warranto instituted by the State of Arizona on relation of the Attorney General, Robert W. Pickrell, claiming that defendant, Robert L. Myers, unlawfully usurps, holds and exercises the office of Superior Court Judge of the State of Arizona. The original jurisdiction of this Court is admitted pursuant to Article VI, Section 4, par. 1 of the Constitution of Arizona, A.R.S., and the Statute applicable hereto, A.R.S. § 12-2041.

The admitted facts establish that in the General Election held on November 8, 1960, the Honorable Lorna E. Lockwood, who was then Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, was elected to a six-year term to the office of Justice of the Supreme Court. Thereafter, the Honorable Lorna E. Lockwood qualified and entered upon her duties as such Justice and by reason thereof a vacancy existed in the office of Judge of the Superior Court of the State of Arizona in and for the County of Maricopa.

The facts further disclose that at the same General Election on November 8th, the defendant, Robert L. Myers, was elected by the voters of Legislative District No. 18 of Maricopa County to serve in the House of Representatives of the Twenty-fifth Legislature. After a canvass of the official returns, the Secretary of State proclaimed the election of defendant to the office of legislator representing District No. 18.

On January 9, 1961, the Twenty-fifth Legislature convened. The minutes of the House Journal for that day establish that a roll call was taken and that all members-elect answered to their names except the defendant whose absence was noted. Thereafter, the Committee on Credentials appointed to review and consider the credentials of members-elect reported a list of names of those duly elected which included the defendant, Robert L. Myers, and further reported those named persons were "entitled to be seated as members of the House of Representatives, Twenty-fifth Legislature, State of Arizona, with the exception of Robert L. Myers, Maricopa County," which report was duly adopted. On the same day the oath of office was administered to those present but not to Robert L. Myers who was absent.

On the 12th day of January, the Maricopa County Board of Supervisors, considering that the defendant had failed to qualify for the office of representative from District No. 18 of Maricopa County, and pursuant to A.R.S. § 41–1207 appointed one Derek Van Dyke to fill the vacancy and on

January 24th, Derek Van Dyke qualified and was seated in the House of Representatives as a member thereof from District No. 18 of Maricopa County. Thereafter, and on the same day, the Honorable Paul Fannin, Governor of the State of Arizona, appointed defendant to the office of Judge of the Superior Court in Maricopa County, Arizona, for the purpose of filling the vacancy created by the assumption of the duties as Justice of the Supreme Court by the Honorable Lorna E. Lockwood. On the 27th day of January, defendant filed his oath of office with the Secretary of State as required by law and ever since has been and now is acting as Judge of the Superior Court.

█ Plaintiff in seeking to oust the defendant from the office of Judge of the Superior Court relies on Article IV, Part 2, Section 5 of the Constitution of Arizona providing "no member of the Legislature, during the term for which he shall have been elected * * * shall be eligible to hold any other office or be otherwise employed by the State of Arizona or, any county or incorporated city or town thereof. * * *" It is the plaintiff's position that this constitutional provision prohibits a legislator from holding the office of Judge of the Superior Court during the term for which he was elected as a legislator. The unambiguous language of the Constitution, Article IV, supra, makes it plain that the defendant, if he is indeed a member of the

Legislature, is disqualified from holding another public office of this character. Advisory Opinions to Governor, 94 Fla. 620, 113 So. 913; Baskin v. State, 107 Okl. 272, 232 P. 388, 40 A.L.R. 941. The evil sought to be avoided is the participation by a legislator in the deliberations and enactments pertaining to a public office which might subsequently be held by him during his term as a legislator.

Defendant, however, pinpoints the key word in the constitutional provision as being "member" arguing that the disqualification does not apply simply by reason of election to the office of State Representative. This argument is consistent with the basic purposes of the constitutional provision to prevent the participation by a legislator in the deliberations and enactments of laws pertaining to the office in which the legislator may subsequently acquire a personal interest. Where, as here, an individual could not influence the course of legislation we would not be inclined to extend the scope of the constitutional prohibition unless the literal language permits of no other fair interpretation.

We first note that Article IV, Part 2, Section 5, supra, is more limited in its scope than is sometimes found elsewhere in that it does not prohibit a person holding one office from holding another, cf. State ex rel. White v. Mason, 17 La.App. 504, 133 So. 809; State ex rel. Tilden v. Harbourt, 70 Ohio App. 417, 46 N.E.2d

**170**

435; Kugle v. Glen Rose Independent School Dist. No. 1, Tex.Civ.App., 50 S.W. 2d 375. Our constitutional prohibition is limited to members of the Legislature. Moreover, defendant was elected in November to serve in a legislative body which could not be convened earlier than the second Monday in January of 1961. Since there was another Legislature already in existence (the Twenty-fourth), defendant could not become a member of the Legislature to which he had been elected (the Twenty-fifth) until the time arrived for it to come into existence, namely, the Ninth day of January, 1961.

■ The particular question at issue here, then becomes when and under what circumstances does a person elected to the Legislature become a member thereof? We note first that by the constitutional provision, Article IV, Part 2, Section 8: "Each House, when assembled, shall choose its own officers, judge of the election and qualifications of its own members, and determine its own rules or procedure." Until affirmative action is taken by the House by judging of the election and determining the qualifications of those seeking to be seated, a person elected may not become a member. Pursuant to the foregoing constitutional provision the Legislature has prescribed the minimum qualifications for admittance as a member of both the Senate and the House. A.R.S. § 41–1101 requires the presentation of a certificate of election together with the taking of the oath of office prescribed for all public officials. As has been pointed out, defendant was absent on January 9, 1961, when the Twenty-fifth Legislature convened. The Committee on Credentials reported on those "entitled to be seated" but excepted defendant, nor did defendant then or thereafter take the oath of office prescribed. Accordingly, it is our conclusion that defendant, Robert L. Myers, did not then and never has become a member of the Twenty-fifth Legislature and was, therefore, not within the constitutional disqualification against holding another public office of the state or county during the term for which he was elected.

In the conclusions we have reached we are not without precedent. In United States v. Dietrich, C.C., 126 F. 676, the defendant was elected in March, 1901 to the United States Senate to fill a vacancy in a term which was then current. He did not, however, present his credentials to the United States Senate until December 2, 1901, and on the same day the Senate having acted favorably on those credentials he took the oath of office and assumed his official duties. Subsequently, he was indicted under a statute making it a criminal offense for a "member of congress" to receive a bribe, it being asserted that the bribe took place between March 28 and December 2, 1901, that is, subsequent to his election but prior to his acceptance by the United States Senate as a member of that body. The

United States Circuit Court in ordering that a verdict of not guilty be directed said:

"The defendant was not admitted to a seat in the Senate and did not enter upon the discharge of the duties of that office until December 2, 1901. Not until that day did the Senate consider or act upon his election, credentials, and qualifications. Until then it was not known, and could not have been, in the absence of an earlier session of the Senate, whether his election, credentials, and qualifications would be deemed by the Senate, the sole and exclusive judge, to be such as to entitle him to membership in that body. Immediately following the favorable action of the Senate upon his election, credentials, and qualifications, the defendant took the oath of office as a Senator, which was an assumption of the duties of that office, but until then he had not accepted the office and was not obligated to its acceptance. Until then it was optional with him to accept or decline; and if on December 2, 1901, he had exercised that option by declining instead of accepting, he would not have been a senator at all under the election of March 28, 1901. The Senate has authority to compel the attendance of absent members, but, so far as we are advised, no one has ever suggested that this authority can be exercised over a person who has not accepted membership in that body. To do that would be to charge him with the duties of the office—in fact, to put him in the office—against his will. * * *" 126 F. 682.

Similar conclusions have been reached in Lesieur v. Lausier, 148 Me. 500, 96 A.2d 585 and Kelly v. Woodlee, 175 Tenn. 181, 133 S.W.2d 473, 135 S.W.2d 649.

It is the judgment of the Court that the defendant, Robert L. Myers, is now and has been since the 27th day of January, 1961, entitled to hold the office of Judge of the Superior Court of this State of Arizona.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.