513 P.2d 939

**Tom SHIRLEY, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF APACHE; Laurance T. Wren, Judge of the Superior Court In and For the County of Coconino (Sitting in Apache County); Thomas MINYARD, Ted Spurlock, Clair Platt, Jay Reese, Apache County Board of Supervisors and James A. McDonald, Larry Stradling and Arthur N. Lee, constituting the members thereof and Margaret Lee, in her official capacity as Clerk of the Apache County Board of Supervisors, Real Parties in Interest, Respondents.**

**No. 11237.**

Supreme Court of Arizona, In Banc.

Sept. 7, 1973.

Rehearing Denied Oct. 2, 1973.

Brown, Vlassis & Bain, by Paul F. Eckstein, Phoenix, for petitioner.

Platt & Platt, by Michael D. Platt, St. Johns, for respondents, Minyard, Spurlock, Platt and Reese.

J. Kendall Hansen, Apache County Atty., St. Johns, Ian A. MacPherson, Phoenix, for respondents, Board of Supervisors of Apache County and Clerk thereof.

William C. Smitherman, U. S. Atty., Tucson, J. Stanley Pottinger, Asst. Atty.

Gen., Walter Gorman, R. Dennis Ickes, Walter W. Barnett, Attys., Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for amicus curiae, The United States.

Richard B. Collins, Robert C. Ericson, Window Rock, for amicus curiae, Charles and Leslie Goodluck.

Fried, Frank, Harris, Shriver & Kampelman, by Arthur Lazarus, Jr., and W. Richard West, Jr., Washington, D. C., for amicus curiae, Assn. of American Indian Affairs, Inc.

LOCKWOOD, Justice:

This is a special action by Tom Shirley as petitioner against the Apache County Board of Supervisors and certain others for the purpose of vacating the preliminary injunction order issued in an action against Tom Shirley by the respondents in this case, which prevented his assuming the office of Supervisor of Apache County Supervisorial District No. 3, and requiring the Board of Supervisors to certify Shirley as the duly elected County Supervisor of such district.

It appears that Tom Shirley is an enrolled member of the Navajo Indian Tribe, residing within the exterior boundaries of the Navajo Indian Reservation in the State of Arizona and in the boundaries of Supervisorial District No. 3 of Apache County. On November 7th at the general election the petitioner received 3,169 votes for Supervisor of the Apache County Supervisorial District No. 3 as opposed to 1,105 votes received by his opponent, Thomas E. Minyard. Having received a majority of the votes cast, the Board of Supervisors nevertheless failed to certify the petitioner as duly elected. Thomas E. Minyard, the unsuccessful candidate, together with Ted Spurlock, Clair Platt and Jay Reese brought an action against the Apache Board of Supervisors seeking an injunction restraining the Supervisors from issuing a Certificate of Election to Tom Shirley, alleging as grounds therefor that its issuance would violate the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and A.R.S. § 11–211, making a person holding any other county or precinct office ineligible to the office of Supervisor.

The petitioner removed the pending action to Federal Court on November 20, 1972 and after some discovery and filing of various legal memoranda and oral argument, on March 21, 1973 the matter was remanded by the Judge of the United States District Court for the District of Arizona, to the Arizona Superior Court for determination.

The petitioner filed a motion for judgment on the pleadings and to vacate the temporary restraining order and Minyard filed a motion for summary judgment as well as a motion for preliminary injunction. The motion for preliminary injunction by Minyard was granted by the Superior Court on the grounds that (1) Minyard did not have any other adequate remedy at law; (2) Minyard had established a prima facie case that he would prevail on the merits of the matter since: (a) petitioner was immune from service of civil process while on the Navajo Reservation; (b) petitioner did not own any real or personal property subject to taxation by the State of Arizona, and (c) petitioner was a trustee for the Apache County School District No. 18 in contravention of A.R.S. § 11–211, subsec. A and A.R.S. § 38–296, subsec. A on November 7, 1972, a position from which he resigned on November 22, 1972, and (3) Minyard would suffer irreparable harm and injury if the preliminary injunction was not granted.

This court has held that Indians, even though living on a reservation are entitled to vote. Harrison v. Laveen, 67 Ariz. 337, 196 P.2d 456 (1948). Shirley, a member of the Navajo Tribe living on that part of the Navajo Reservation within Apache County Supervisorial District No. 3 was therefore a qualified elector of the Supervisorial District.

The county officers are created by Article 12 of the Arizona Constitution, A.R.S. Section 3 thereof names the county officers, including Supervisor, and § 4 provides that: "The duties, powers, and qualifications of such officers shall be as prescribed by law." The Arizona Legislature has provided the qualifications of Supervisor in A.R.S. § 11–211, subsec. A. Therein it is provided:

"\* \* \* a board of supervisors shall consist of three members \* \* \* who shall be qualified electors of their supervisorial district and who shall be elected at a general election at which the president of the United States is elected."

No other qualifications have been "prescribed by law". The Arizona Legislature was thus given authority to prescribe the qualifications of Supervisor which it has done. In the absence of further legislation, the Court is powerless to add to or detract from the qualifications of such officer.

■ It is also provided in A.R.S. § 11–211, subsec. A that "No person holding any other county or precinct office is eligible to the office of supervisor."

Since Tom Shirley resigned from the Office of Trustee of Apache County School District No. 18 before the time for assuming the office of Supervisor in January of 1973, he was no longer a trustee and therefore became elegible to hold the office of Supervisor pursuant to A.R.S. § 11–211, subsec. A.

The two statutes upon which respondents rely are A.R.S. § 38–296 and A.R.S. § 11–211. The one reads so far as pertinent:

§ 38–296. Limitation upon filing for election by incumbent of elective office; exceptions

"A. No incumbent of an elective office, whether holding by election or appointment, shall be eligible for nomination or election to any office other than the office so held, nor shall the nomination papers of such incumbent be accepted for filing.

\* \* \* \* \* \*

"D. A person violating any provision of this section is guilty of misfeasance in office and the *office held by such person shall be declared vacant.*" (Emphasis added.)

and is general in nature, applying to all public offices.

■ The second reads:

§ 11–211. Membership; qualifications; term

"A. There shall be in each county \* \* \* having a population of less than two hundred thousand as determined by the latest United States decennial census, a board of supervisors shall consist of three members, \* \* \* who shall be qualified electors of their supervisorial district and who shall be elected at a general election at which the president of the United States is elected. They shall enter upon their duties on January 1 subsequent to their election, and shall hold office for four years. No person holding any other county or precinct office is eligible to the office of supervisor."

and is special in nature, referring specifically to the Office of County Supervisor. It is true that in case of conflict, the special statute will apply over the general. However, it is also a rule that in applying two statutes, the court will attempt to harmonize both. State Land Dept. v. Tucson Rock and Sand Co., 107 Ariz. 74, 481 P.2d 867 (1971); State ex rel. Larson v. Farley, 106 Ariz. 119, 471 P.2d 731 (1970); City of Mesa v. Salt River Project Agr. Imp. Dist., 92 Ariz. 91, 373 P.2d 722 (1962); Peterson v. Flood, 84 Ariz. 256, 326 P.2d 845 (1958).

In this case, the obvious intent of the legislature was to prohibit the holding of another county or precinct office beside that of Supervisor.

The case of McCarthy v. State, 55 Ariz. 328, 101 P.2d 449 (1940) involved these statutes. Peterson, Foote and Frye were County Supervisors. Peterson's resigna-

tion·was accepted by the other two on June 23, 1939. On the same day, by virtue of the existing statute, Foote and one Laveen, the County Recorder, for the purpose of filling the vacancy created by Peterson's resignation, met and nominated McCarthy, who, with Supervisor Foote, was a citizen member of the Welfare Board, both serving by appointment of the Board of Supervisors. (The Welfare Board consisted of one supervisor and two citizen members, appointed by the Board of Supervisors.) Frye nominated one Marlar. By a vote of Foote and Laveen, McCarthy was appointed, and on the same day took the oath of office and filed a bond, and assumed the duties of the office.

On June 23rd McCarthy filed his resignation as a member of the Welfare Board. At a meeting of the Welfare Board, with Foote and Jamison present, the resignation was unanimously accepted, but not filed with the Board of Supervisors until June 24th. No affirmative action was taken by the Board of Supervisors. At a special meeting of the Board of Supervisors comprised of Foote, Frye and McCarthy the latter's resignation was presented by the Clerk of the Board and spread upon the minutes of that meeting.

On July 3rd at a regular meeting of the Board of Supervisors, Foote and McCarthy present, Frye absent, one Stanford was appointed a member of the Welfare Board, qualified, and promptly assumed his duties. On the same day Foote and County Recorder Laveen again convened for the purpose of selecting a member of the Board of Supervisors to fill the vacancy created by Peterson's resignation, and again appointed McCarthy who thereupon again took the oath of office and filed a new bond.

The state contended in a quo warranto action that McCarthy was ineligible for appointment to the Board of Supervisors on either of the two dates he was purportedly appointed for the reason that he was still a member of the Welfare Board, and his resignation had not been lawfully accepted, and his appointment was without authority of law and consequently null and void. The case was decided on the basis of the predecessors of the two statutes here involved.

The court held that under the eligibility clause of § 766, R.C.A. (1928) (here A.R.S. § 11–211) member of the Welfare Board was a *county* officer. It held that under § 94 R.C.A. (1928) (now § 38–296, A.R.S. (1956)) requiring that "his resignation, and lawful acceptance thereof" had not occurred by the events described above in the following language:

"A different situation would exist had Supervisor Frye attended the meeting and voted with Supervisor Foote for Stanford's appointment, as that would have been tantamount to an implied acceptance of appellant's resignation under the rule above stated. * * * [U]nder the statute as it now exists the office does not become vacant until the resignation is lawfully accepted." Id. at 337–338, 101 P.2d at 453.

Here Tom Shirley submitted his resignation from the office of School Board Trustee on November 22, 1972 to the County School Superintendent of Apache County, who accepted it in writing on November 23rd, before Shirley could ever assume the office of County Supervisor, (for which no vacancy occurred prior to January 1st, the date for assuming of office after the former member of the Board's incumbency terminated). The language of the statute is carefully chosen "No person holding any other county or precinct office is eligible *to the office of supervisor*" not "to be nominated or elected" to the office of Supervisor. Thus § 11–211, A.R.S. is satisfied by removing the barrier to eligibility for the office of Supervisor before the date for which the office became vacant.

If it were in fact a "public office," the petitions for nomination or election should not have been accepted. Having been, and having been submitted to a vote of the electors, subsection D of § 38–296, supra, would apply and the office of school board

trustee would be declared vacant upon the acceptance by the Clerk of the Board of Supervisors of the petitions for nomination or election to the Board of Supervisors. The office of school board member would be declared vacant. The ensuing election would therefore be valid.

■ If § 38–296 is to be harmonized with § 11–211, Shirley's nomination or election papers should not have been accepted for filing, but they were, upon advice of the Attorney General that School Board Member was not an office proscribed under § 11–211, A.R.S. It is recognized that disqualifications provided by the legislature are construed strictly and there is a presumption in favor of the eligibility of one who had been elected or appointed to public office. McCarthy v. State, supra.

In State v. Myers, 89 Ariz. 167, 359 P.2d at 759 (1961) this Court construed a constitutional provision making a member of the legislature ineligible to hold any other office in the following words:

> "[N]o member of the Legislature, *during the term for which he shall have been elected* * * * shall be eligible to hold any other office or be otherwise employed by the State of Arizona or, any county, or incorporated city or town thereof * * *." (Emphasis added.)

A legislator who had been proclaimed elected to a term in the twenty-fifth legislature, but who refused to accept a seat therein, was declared by this Court not rendered *ineligible* to accept the office of Judge of the Superior Court thereafter. By his own action in refusing to accept the term for which he had been elected he rendered himself eligible to accept appointment to another office. State v. Myers, supra.

We think it would be wooden indeed, to hold that Tom Shirley could not remove his ineligibility before the term of office began. As stated in State ex rel. Nelson v. Jordan, 104 Ariz. 193, 450 P.2d 383 (1969):

> "In this a democratic society, we are irretrievably wedded to the principle that, subject to *constitutional* limitations, the will of the majority as expressed in free elections must prevail." (Emphasis added.)

■ As a matter of fact, it is extremely doubtful if a member of a school board, could be considered holding a "public office".

The petitioner was a trustee of the Apache County School *District* No. 18 prior to and at the time of his election as a member of the Board of Supervisors of Apache County. The respondents contend that by holding an elective office, school trustee, the petitioner was ineligible to be elected to any other office. A.R.S. § 38–296, subsec. A provides:

> "No incumbent of an elective office, whether holding by election or appointment, shall be eligible for nomination or election to any office other than the office so held, nor shall the nomination papers of such incumbent be accepted for filing."

The term "elective office," however, is limited by the definitions found in A.R.S. § 38–101 which provides:

> "In this title, unless the context otherwise requires:
>
> "1. 'Office', 'board' or 'commission' means any office, board or commission of the state, or any political subdivision thereof, the salary or compensation of the incumbent or members of which is paid from a fund raised by taxation or by public revenue."

The type of office which is defined in subsection 1 of A.R.S. § 38–101 is that for which the salary or compensation is paid from a fund raised by taxation or by public revenue. A school trustee does not receive compensation from the public treasury. Such an office is one of public service or trust, and it is not the type of office contemplated under the above statutes. The distinction between an office of profit

and an office of trust has long been recognized in Arizona. See McCluskey v. Hunter, 33 Ariz. 513, 266 P. 18 (1928). Nor is it a 'county' or a 'precinct' office, it is at most a 'district' office. The petitioner was therefore not holding an elective office within the meaning of A.R.S. § 38-296, subsec. A, and he was eligible for nomination and election as a member of the Board of Supervisors of Apache County.

Concerning the question of whether Tom Shirley is immune from service of civil process by residing on the reservation, we fail to see how this could affect his office. He is subject to recall without service of process as any other officer, Article 8, Constitution of Arizona. His office shall be deemed vacant if any number of events occur, including ceasing to discharge the duties of the office for a period of three consecutive months, except when prevented by sickness, or absence from the State by permission of the Legislature. He is required to have a bond conditioned that he shall faithfully perform all official duties as required by law. A.R.S. § 38-251.

We cannot find any violation of the Fifth or Fourteenth Amendments on this account. That Tom Shirley is not a taxpayer has been declared no obstacle to voting or holding office. The Supreme Court of the United States has resolved this question in the following cases: City of Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970); Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); Kramer v. Union Free School District No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969).

It is therefore ordered that the preliminary injunction be quashed and the Superior Court of Apache County enter its judgment on the pleadings, directing that the Board of Supervisors of Apache County issue its certificate of election declaring Tom Shirley the duly elected Supervisor of Supervisorial District No. 3 of Apache County, Arizona, and for petitioner's costs against Thomas E. Minyard, Ted Spurlock, Clair Platt and Jay Reese.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.