549 P.2d 1052

Dan W. REHUREK, Chet Foster, Roger Estes, M. V. Gomez, and Thomas E. Campbell, Jr., Members of the Board of Trustees of Douglas Elementary School District No. 27, and the Board of Trustees of the Douglas Elementary School District No. 27, Appellants,

v.

Jennie D. WELCOME, Appellee.

No. 2 CA–CIV 2040.

Court of Appeals of Arizona, Division 2.

May 18, 1976.

Richard J. Riley, Cochise County Atty., and Robert M. Jarrett, Jr., Deputy County Atty., Bisbee, for appellants.

Gentry, McNulty, Borowiec, Hewlett & Desens by James F. McNulty, Jr., Bisbee, for appellee.

OPINION

HATHAWAY, Judge.

Appellants, the Board of Trustees of Douglas Elementary School and its individual members, appeal from a judgment

ordering them to furnish a one-year contract to appellee Welcome.

Appellee began teaching in the Douglas schools in 1932. She turned 65 on September 9, 1975. Her application to complete the 1975–76 school year was rejected by the Board of Trustees on January 27, 1975, and she was offered a contract only through October 1, 1975.

There are two retirement statutes which appellants claim are in conflict. The first, A.R.S. § 15–1471, was adopted in 1953. It states:

"Any teacher in active service who becomes a member of the state employees' retirement system pursuant to the provisions of this article, shall be retired for service at the end of the school year following the date on which he attains the age of sixty-five, unless his employer approves and forwards annually to the state employees' retirement system board his application to be retained in his employment on a year to year basis. Teacher members in service shall be retired at the end of the school year following the date on which they attain the age of seventy, whether or not they apply to be retained."

A.R.S. §§ 38–741(13), State Retirement System and 38–781.01(23) State Retirement Plan, both adopted in 1975 and which are general statutes covering state employees provide:

" 'Normal retirement date' means the first day of the calendar month immediately following an employee's sixty-fifth birthday."

A.R.S. § 15–1471 was never expressly repealed, but appellants claim it was impliedly repealed by A.R.S. § 38–741, et seq.

One rule of statutory construction is that separate statutes are to be construed so as to give meaning to both, if possible. *State ex rel. Purcell v. Superior Court,* 107 Ariz. 224, 485 P.2d 549 (1971); *Finch v. State Department of Public Welfare,* 80 Ariz. 226, 295 P.2d 846 (1956).

Another rule applicable here is that the specific governs over the general. A later general statute does not repeal by implication the prior specific statute unless the legislature's intent to repeal is manifest. The law does not favor repeal by implication. *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973); *Shirley v. Superior Court,* 109 Ariz. 510, 513 P.2d 939 (1973); *Rowland v. McBride,* 35 Ariz. 511, 281 P. 207 (1929).

In *State v. Rice,* supra, the earlier statutes, A.R.S. §§ 13–652 and 13–653, set the punishment for lewd and lascivious acts and child molestation, allowing no possibility of parole until the minimum sentence had been served. A later statute, A.R.S. § 31–411, provided that any prisoner who had served one-third of his sentence could apply for parole. Our Supreme Court, applying the rule that the specific statute governs over the general, upheld the prior laws requiring the minimum sentence to be served before a prisoner is eligible for parole.

A.R.S. § 15–1471 and preceding statutes were enacted to take effect if and when the Teacher's Retirement System transferred into the State Retirement System. This statute did not apply to the prior Teacher's Retirement System. The transfer took place January 1, 1955. In 1955, the mandatory retirement age for state employees other than teachers was 70. Ever since 1955 Arizona has had a different retirement law for teachers than for other state employees.

There are differences between teaching and holding other state jobs. Teachers are normally hired for the school year. It would be a disruption to their classes to bring in a new teacher before the end of the year. As there is nothing to indicate any intent on the part of the legislature to require teachers to retire at the same time as other state employees, we hold that A.R.S. § 15–1471, the specific statute, controls and was not repealed by

A.R.S. § 38–741, et seq. Appellee was not required to receive approval from her employer to complete the 1975–76 school year.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.