565 P.2d 531

The CITY COURT OF the CITY OF PHOENIX, Arizona, and the Honorable Richard Garcia, Judge of the City Court of Phoenix, the Honorable Rodger Golston, Presiding Judge of the City Court of Phoenix, and Brian Freeman, Defendant and Real Party In Interest, Appellants,

v.

The STATE of Arizona ex rel. Andy BAUMERT, Acting Phoenix City Attorney, Appellee.

No. 1 CA–CIV 3660.

Court of Appeals of Arizona, Division 1, Department A.

May 31, 1977.

Ross P. Lee, Maricopa County Public Defender by Robert A. Colosi, Michael A. Edwards, Richard I. Mesh, Deputy Public Defenders, Phoenix, for appellants.

Andy Baumert, City Atty. by Sandra K. McGee, Steven A. LaMar, Asst. City Prosecutors, Phoenix, for appellee.

NELSON, Presiding Judge.

On April 28, 1976, a criminal complaint charging Brian Freeman with aggravated battery against a police officer was filed in Phoenix City Court. Following Freeman's arraignment, the court dismissed the complaint on the ground that it lacked subject matter jurisdiction over the charge. Thereafter the Phoenix City Attorney's office filed a special action in Maricopa County Superior Court seeking a determination that the city court had jurisdiction over the charge and to have the dismissal reversed and the cause reinstated. The requested relief was granted from which both the City Court and the real party in interest, Brian Freeman, have appealed.

The sole question on appeal is whether the Phoenix City Court has subject matter jurisdiction to try a defendant charged with aggravated battery upon a police officer, A.R.S. § 13–245(A)(7), when the charge has been designated a misdemeanor by filing it in city court pursuant to A.R.S. § 13–103 D. For the reasons stated below we hold that the city court does not have such jurisdiction.

Article 6, Section 32 of the Arizona Constitution, 1 A.R.S., limits the criminal jurisdiction of courts inferior to the superior courts and the justice courts to misdemeanors. It also provides that "[t]he jurisdiction of such courts shall not encroach upon the jurisdiction of courts of record but may be made concurrent there-

with, . . ." The legislature has further refined this general grant of criminal jurisdiction in A.R.S. § 22–402 and A.R.S. § 22–301. A.R.S. § 22–402(B) confers upon city police courts "jurisdiction concurrently with justices of the peace of precincts in which the city or town is located, of violations of laws of the state committed within the limits of the city or town." There is no dispute that "concurrently" within the meaning of this statute is synonymous with "the same," Black's Law Dictionary 363 (Rev.4th ed. 1968), and that a city court's criminal jurisdiction, within the parameter of A.R.S. § 22–402(B), is coextensive with that of the justice courts.[1]

█ A.R.S. § 22–301(4) limits the criminal jurisdiction of justice courts and therefore city courts to "[m]isdemeanors and criminal offenses punishable by a fine not exceeding three hundred dollars, or imprisonment in the county jail not to exceed six months, or by such fine and imprisonment." A.R.S. § 22–301(2), however, limits the power of these courts to try assault or battery cases to those which are "not charged to have been committed upon a public officer in the discharge of his duties, . . . or to have been committed with such intent as to render the offense a felony."

Freeman was charged under A.R.S. § 13–245(A)(7) with aggravated battery upon the person of a policeman. Policemen are "public officers," see *Russell v. Glascow*, 63 Ariz. 310, 162 P.2d 129 (1945), and, were we concerned only with the constitutional and statutory provisions thus far mentioned, it is clear the City Court would lack jurisdiction to try the charge. A.R.S. § 22–301(2). These are not, however, the only provisions before us.

A felony is an offense punishable by death or imprisonment in the state prison. A.R.S. § 13–103(A). The legislature has prescribed certain crimes for which a trial court may, in its discretion, impose punishment by incarceration in the state prison or by fine or imprisonment in the county jail.

These crimes will be deemed misdemeanors when, *inter alia*,

"the prosecuting attorney files a complaint in justice court or magistrate court designating the offense as a misdemeanor punishable by imprisonment in the county jail for not to exceed six months or a fine of three hundred dollars or both, it shall be prosecuted in such court and shall be deemed a misdemeanor." A.R.S. § 13–103(D).

In 1970 what previously could have been described as a simple assault or battery upon a peace officer, a misdemeanor, was elevated to the status of an aggravated assault or battery

"[w]hen the person committing the offense knows or has reason to know the victim is a peace officer, . . ." A.R.S. § 13–245(A)(7).

A.R.S. § 13–245(B) provides:

"An aggravated assault or battery shall be punished by a fine of not less than one hundred nor more than two thousand dollars, or by imprisonment in the county jail not to exceed one year, or both, or by imprisonment in the state prison for not less than one nor more than five years."

By the terms of A.R.S. § 13–103(D) a violation of A.R.S. § 13–245(A)(7) appears to be within the category of cases which may be designated misdemeanors by filing a complaint in justice or city court.

█ It is the State's contention that the enactment of A.R.S. § 13–103(D) in 1972, impliedly repealed A.R.S. § 22–301 by expanding the jurisdiction of justice courts and therefore city police courts. Repeal by implication of one statute by another is not favored unless it is clear from the inherent inconsistency of the two statutes that the legislature intended repeal. *State ex rel. Larson v. Farley*, 106 Ariz. 119, 471 P.2d 731 (1970); *Rehurek v. Welcome*, 26 Ariz.App. 534, 549 P.2d 1052 (1976).

In support of its argument the State urges an irreconcilable conflict exists be-

---

1. Chapter 8, section 2 of The Chapter of the City of Phoenix also specifically restricts the jurisdiction of city courts in matters involving violations of state law to that jurisdiction possessed by the Justice of the Peace.

tween A.R.S. §§ 22–301 and 13–103(D). It contends A.R.S. § 22–301(5)[2], which it construes as meaning that justice and city courts never have jurisdiction to try any case which *could* be a felony, renders meaningless A.R.S. § 13–103(D) which clearly gives such courts the power to try such cases when properly designated as misdemeanors.

■ A.R.S. § 22–301(5) does not withhold jurisdiction from justice or city courts over trials involving offenses which *could* have been filed as felonies. On the contrary, the statute merely limits the power of the courts to try charges which *are* misdemeanors, and charges filed pursuant to A.R.S. § 13–103(D) *are* misdemeanors. We see no conflict.

Further, A.R.S. § 13–103(D) is general in nature, applying to all offenses punishable by incarceration in the state prison, by fine, or by imprisonment in the county jail. On the other hand, A.R.S. § 22–301 is a special statute, referring specifically to the jurisdiction of justice courts, and thereby city police courts. Subsection (2) of that statute specifically excludes trial jurisdiction over charges involving assaults or batteries upon public officers.

We have found no conflict indicating a legislative intent to repeal A.R.S. § 22–301 or to depart from the rule that where there are two statutes applicable to the same subject, one of which is general in scope, and the other directed to a more limited part of the subject, the specific statute will govern over the general. *Shirley v. Superior Court*, 109 Ariz. 510, 513 P.2d 939 (1973); *Webb v. Dixon*, 104 Ariz. 473, 455 P.2d 447 (1969).

The judgment of the superior court is reversed and the case remanded for reinstatement of the city court's order dismissing the charges against Brian Freeman.

HAIRE and DONOFRIO, JJ., concur.

2. The relevant portion of A.R.S. § 22–301 is as follows:

"The justice of the peace courts shall have jurisdiction of the following offenses

5. Felonies, but only for the purpose of commencing action and conducting proceed-

ings through preliminary examinations and to hold the defendant to answer to the superior court or to discharge the defendant if it appears that there is not probable cause to believe the defendant guilty of an offense."