585 P.2d 1253

The STATE of Arizona ex rel. Andy BAUMERT, Phoenix City Attorney, Appellant,

v.

The MUNICIPAL COURT OF the CITY OF PHOENIX, Arizona, and The Honorable Daniel Nastro, Judge thereof, and Daniel Saldivar, Defendant and Real Party in Interest, Appellees.

No. 1 CA–CIV 4098.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 19, 1978.

Michael K. Carroll, Asst. City Atty., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender, Richard I. Mesh, Deputy Public Defender, Phoenix, for appellees.

## OPINION

OGG, Judge.

In this appeal we must determine if a city magistrate court has subject matter jurisdiction to try a misdemeanor charge of simple assault when the facts disclose that the assault was committed on a police officer in uniform while performing her duties.

The appellee/real party in interest Daniel Saldivar was arrested after he allegedly assaulted Phoenix Police Officer Katherine K. Morgan, who was assisting in the arrest of Saldivar's friend on a drunk driving charge. The incident was of a minor nature with no blows landed and no injuries. The matter was referred to the Maricopa County Attorney's Office for a possible aggravated assault prosecution under ARS § 13–245 A(7), which in pertinent part reads:

> An assault or battery is aggravated when committed under any of the following circumstances:
>
> *    *    *    *    *    *
>
> 7. When the person committing the offense knows or has reason to know that the victim is a peace officer, or a person summoned and directed by such officer while engaged in the execution of any official duties.

The punishment for a violation of such an offense is set out in ARS § 13–245 B:

> An aggravated assault or battery shall be punished by a fine of not less than one hundred nor more than two thousand dollars, or by imprisonment in the county jail not to exceed one year, or both, or by imprisonment in the state prison for not less than one nor more than five years.

Upon the facts of the case the Maricopa County Attorney's Office declined to prosecute the case as an aggravated assault and the matter was referred to the Phoenix City Prosecutor's Office where a complaint was filed in the Phoenix Municipal Court, charging Saldivar with simple assault, punishable as a misdemeanor under ARS § 13–243:

> A simple assault is punishable by a fine not exceeding three hundred dollars, or

by imprisonment in the county jail not exceeding three months.

Saldivar filed a motion to dismiss the complaint in the Municipal Court on the ground that such court lacked jurisdiction to try an assault upon a police officer for such an assault was an aggravated assault under ARS § 13–245 A(7) and that the case cannot be tried by a municipal court or a justice court under the provisions of the jurisdiction granted those courts by ARS § 22–301, the pertinent portions of which read:

The justice of the peace courts shall have jurisdiction of the following offenses committed within their respective precincts in which such courts are established, subject only to the right to change of venue as provided by law:
1. Petty Theft
2. Assault or battery *not charged* to have been committed upon a public officer in the discharge of his duties, or to have been committed with such intent as to render the offense a felony. [Emphasis added]

The municipal court dismissed the case and the appellants/defendants State of Arizona and Andy Baumert, Phoenix City Attorney, then filed a special action in the Maricopa County Superior Court contesting the dismissal.

■ The use of a special action is a proper method to contest such a dismissal. *Sykes v. State ex rel. Williams,* 18 Ariz.App. 588, 504 P.2d 529 (1972).

After a hearing on the special action petition in the superior court the trial judge denied relief and this appeal was filed.

Saldivar claims that the case was properly dismissed since the city magistrate court lacks jurisdiction to try an aggravated assault and that under the facts of this case he should have been charged with an aggravated assault rather than with a simple assault. Saldivar relies upon *City Court v. State ex rel. Baumert,* 115 Ariz. 351, 565 P.2d 531 (Ct.App.1977). Such reliance is misplaced. In that case this court held the municipal court lacked jurisdiction to try a

defendant *charged* under the provisions of ARS § 13–245 A(7) with aggravated battery upon the person of a police officer.

In the case now before us Saldivar was *charged* with a simple assault upon the person of Katherine K. Morgan under the provisions of ARS § 13–243. There was nothing in the charge stating the victim was a uniformed police officer or that the assault occurred while she was performing her duties as a police officer. Saldivar argues that to let the prosecutor charge a simple assault when the facts would support an aggravated assault will allow the prosecutor to confer jurisdiction indirectly upon the magistrate court.

The real issue is whether the prosecutor has discretion in the charging process to allow him to charge a defendant with simple assault when the facts would technically support a charge of aggravated assault.

■ In Arizona the prosecutor is vested with broad discretion in determining what charges, if any, are to be filed. *State v. Murphy,* 113 Ariz. 416, 555 P.2d 1110 (1976); *State v. Stewart,* 103 Ariz. 457, 445 P.2d 433 (1968). In *State v. Cox,* 25 Ariz.App. 328, 543 P.2d 449 (1975), Division Two of this court, when determining the discretion of the prosecutor in a murder case, held that where a defendant could be charged under two separate statutes he has discretion as to what charge will be filed and he is not obligated to select the more serious charge.

■ Under the facts of this case we cannot say the prosecutor abused his discretion in filing the simple assault charge.

■ Justification for the filing of the simple assault charge is also found in the statutory construction of ARS § 22–301, which gives justice and municipal courts jurisdiction to try assault and battery cases "*not charged* to have been committed upon a public officer in the discharge of his duties." (Emphasis added.) The legislature did not say the municipal court could not try an assault upon a police officer. The legislature did say that an assault upon a police officer *charged as such* was beyond the jurisdiction of the municipal court. It

**344**

appears it was the legislative intent to confer jurisdiction to a municipal court to try simple assault cases unless the *charge* in the complaint alleged an assault upon the person of a public officer in the discharge of his duties under the provisions of ARS § 13–245 A(7). Where such a charge is made it is an aggravated assault and can be tried only in the superior court. *City Court v. State ex rel. Baumert,* supra. Where the *charge* does not allege an assault upon a public officer in the discharge of his duties and is filed as a simple assault punishable under the provisions of ARS § 13–243, as we have in the case before us, then the case can properly be tried in the municipal court. Upon review we must look to the charge to determine jurisdiction rather than look to what might have been charged under the particular facts of any case.

Although we have no Arizona cases that discuss this precise issue, the issue was considered under a similar fact situation by the New Jersey Supreme Court in *State v. States,* 44 N.J. 285, 208 A.2d 633 (1965). Although the New Jersey statutes are not identical, the case is analogous and the reasoning is persuasive in the resolution of the issue before us. In *States,* the defendant was convicted of assault and battery in a municipal court. The county court reversed holding that the complaint should have been dismissed because the defendant should have been charged with an assault and battery upon a police officer, a high misdemeanor over which the municipal court had no jurisdiction. In reversing the decision of the county court, the New Jersey Supreme Court held:

> In the many situations where criminal statutes overlap in prohibiting the same basic act, the proper prosecuting authority in the sound exercise of discretion committed to him may proceed under either act.

We find the municipal court has jurisdiction to try this case of simple assault as charged and therefore reverse the decisions to dismiss the complaint. The case is reinstated and remanded to the Municipal Court of the City of Phoenix for further proceedings consistent with this opinion.

JACOBSON, P. J., and SCHROEDER, J., concur.