632 P.2d 266

**Bryant Delany CALLOWAY,**
**Petitioner/Appellee,**

v.

**CITY COURT of the CITY OF TUCSON, Pima County, Arizona, The Honorable Frederic J. Dardis, Magistrate, and The City Attorney, Real Party in Interest, Respondents/Appellants.**

No. 2 CA–CIV 3906.

Court of Appeals of Arizona,
Division 2.

June 30, 1981.

Rehearing Denied July 29, 1981.

Richard F. Wheeler, Tucson, for petitioner/appellee.

Frederick S. Dean, Tucson City Atty., by Janice H. Lahr and Michael E. Owen, Tucson, for respondents/appellants.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for amicus curiae The State of Arizona.

## OPINION

HOWARD, Judge.

The issue to be determined on appeal is whether the city court has jurisdiction to try a defendant for resisting arrest, a misdemeanor. Appellee was charged in the city court with, inter alia, resisting arrest in violation of A.R.S. § 13–2508, deemed a misdemeanor after the county attorney declined to prosecute the offense as a felony.[1] He filed a special action in superior court challenging the city court's jurisdiction of the offense after failing to get relief from the city magistrate.

Relying on *Bruce v. State,* 126 Ariz. 271, 614 P.2d 813 (1980), the trial court held that the city court lacked jurisdiction to try the offense because the charges alleged, inter alia, that appellee resisted arrest by using or threatening to use physical force against a peace officer.[2]

In *Bruce v. State,* supra, the court held that the Tucson City Court did not have jurisdiction to try the defendant for assault and battery when he was charged with having committed the assault upon a public officer in the discharge of his duties. The court stated:

"... The jurisdiction of justice of the peace courts and courts inferior to the superior court is as provided by law. Ariz.Const. art. 6, § 32. A.R.S. §§ 22–301 and 22–402(B) grant inferior courts jurisdiction over assault and battery offenses '*not* charged to have been committed upon a public officer in the discharge of his duties ....' (Emphasis added.) The legislature has thus explicitly excluded charges brought under A.R.S. § 13–1204(A)(5) from the subject matter jurisdiction of inferior courts...." 614 P.2d at 814.

A.R.S. § 22–301 states:

"The justice of the peace courts shall have jurisdiction of the following offenses committed within their respective precincts in which such courts are established, subject only to the right to change of venue as provided by law:

\* \* \* \* \* \*

(2) Assault or battery not charged to have been committed upon a public officer in the discharge of his duties, or to have been committed with such intent as to render the offense a felony."

A.R.S. § 22–402 states that a municipal court "has jurisdiction of all cases arising under the ordinances of the city or town, and has jurisdiction concurrently with the justices of the peace of precincts in which

---

1. Resisting arrest is a class 6 felony which can be treated as a class 1 misdemeanor or in the discretion of the prosecuting attorney. See A.R.S. §§ 13–2508 and 13–702(G).

2. A.R.S. § 13–2508 provides that a person commits resisting arrest by "... intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by: 1. Using or threatening to use physical force against the peace officer ...."

the city or town is located, of violations of laws of the state committed within the limits of the city or town."

A.R.S. § 22–301(2) is clear and explicit; there is no jurisdiction over *assault* or *battery* charged to have been committed upon a public officer in the discharge of his duties. It does not, however, mention anything about resisting arrest, which is a separate and distinct offense. Accordingly, we hold that the municipal court had jurisdiction.

The judgment of the superior court is vacated and set aside, and the trial court is ordered to enter judgment affirming the city magistrate.

HATHAWAY, C. J., and BIRDSALL, J., concur.