633 P.2d 1055

John Peter SPRONKEN, Petitioner/Appellee/Cross Appellant,

v.

CITY COURT OF the CITY OF TUCSON, The Honorable Thomas Welch, Presiding Magistrate; and The State of Arizona, Respondents/Appellants/Cross Appellees.

No. 2 CA–CIV 3902.

Court of Appeals of Arizona, Division 2.

June 30, 1981.

Rehearing Denied July 29, 1981.

Review Denied Sept. 17, 1981.

---

John A. Wasley, Oracle, for petitioner/appellee/cross appellant.

Frederick S. Dean, Tucson City Atty. by Michael E. Owen, Tucson, for respondents/appellants/cross appellees.

1. See A.R.S. § 13–1203 and § 13–702(G).

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for amicus curiae The State of Arizona.

## OPINION

HOWARD, Judge.

Appellee was convicted in city court of a class one misdemeanor, assault, resisting arrest and tampering with a motor vehicle.[1] Appellee filed a special action in superior court challenging the jurisdiction of the city court to try him on the assault charge and the resisting arrest charge. The superior court held that the city court had jurisdiction of the resisting arrest charge, but not the assault charge because the victim was a police officer. Appellants challenge the superior court's ruling on the assault charge. Appellee has filed a cross-appeal contending that the superior court erred in holding that the city court had jurisdiction over the resisting arrest charge and further erred in holding that he was not entitled to a jury trial on this charge in city court.

■ As for the jurisdiction of the city court over the offense of resisting arrest, charged as a misdemeanor in the city court, we have held in the case of *Calloway v. City Court of City of Tucson*, 129 Ariz. 456, 632 P.2d 266 (App.1981), that the city court possesses jurisdiction.

■ The city court does not have jurisdiction of a misdemeanor assault when the complaint alleges that the assault was committed upon a police officer in the discharge of his duties. *City Court, etc. v. State ex rel. Baumert*, 115 Ariz. 351, 565 P.2d 531 (App.1977). However, when, as in the instant case, the complaint does not allege that the assault was on a police officer in the discharge of his duties, the city court has jurisdiction even though the victim is a police officer discharging his duties. *State ex rel. Baumert v. Municipal Court, etc.*, 120 Ariz. 341, 585 P.2d 1253 (App.1978). The superior court did not err in holding that appellee was not entitled to a jury trial on the offense of resisting arrest. The offense

**64**

carried a maximum penalty of six months in the county jail or a $1,000 fine, or both. The crime does not involve moral turpitude and is not a crime requiring a jury under the common law. Cf., *Bruce v. State*, 126 Ariz. 271, 614 P.2d 813 (1980).

The order reversing appellee's conviction for simple assault is vacated and set aside and the conviction is reinstated. The remainder of the order is affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.