State v. Guinn

STATE OF NORTH CAROLINA v. JAMES EDWARD GUINN

No. 7629SC720

(Filed 16 March 1977)

Criminal Law §§ 34, 86— defendant's guilt of other offenses — evidence admitted for impeachment

In a prosecution of defendant for third offense of driving under the influence, the trial court did not err in allowing defendant to be cross-examined about two prior convictions for driving under the influence which were elements of the offense charged and which defendant had admitted out of the presence of the jury, since the evidence was not introduced in support of an element of the offense charged but was instead introduced for the purpose of impeachment. G.S. 15A-928(c)(1) and (2).

APPEAL by defendant from *Lewis, Judge*. Judgment entered 22 April 1976 in Superior Court, McDOWELL County. Heard in the Court of Appeals 10 February 1977.

Defendant pled not guilty to third offense of driving under the influence. As allowed by G.S. 15A-928(c), out of the presence of the jury defendant admitted the two prior convictions. Later defendant took the stand in the presence of the jury, and upon cross-examination was asked about prior convictions for various traffic offenses, including the two prior convictions for driving under the influence to which he had previously admitted.

Defendant was found guilty as charged and appeals.

*Attorney General Edmisten by Associate Attorney Catharine Biggs Arrowood for the State.*

*Davis & Kimel by Horace M. Kimel, Jr., for defendant appellant.*

CLARK, Judge.

The sole issue upon appeal is whether it was error to allow defendant to be cross-examined about the two prior convictions which were elements of the offense and which he had admitted out of the presence of the jury.

G.S. 15A-928(c)(1) provides that

"(1) If the defendant admits the previous conviction, that element of the offense charged in the indictment or information is established, [and] no evidence in support thereof may be adduced by the State . . . . "

G.S. 15A-928(c)(2) provides that

" . . . This section applies only to proof of a prior conviction when it is an element of the crime charged, and does not prohibit the State from introducing proof of prior convictions when otherwise permitted under the rules of evidence."

Defendant contends that these provisions allow the State to cross-examine only about prior convictions for offenses other than those which are elements of the crime for which defendant is on trial. We disagree. When the defendant takes the stand, he is subject to impeachment by cross-examination as to prior convictions as is any other witness. 1 Stansbury, N. C. Evidence § 112 (Brandis Rev. 1973) and cases cited therein. G.S. 15A-928(c)(1) prohibits only the introduction of evidence of previous convictions adduced in support of an element of the offense charged. The evidence here was not adduced for that purpose, but for the purpose of impeachment. G.S. 15A-928(c)(2) reinforces this point by providing that proof of prior convictions may be introduced "when otherwise permitted under the rules of evidence." Such proof is permissible under the rule allowing impeachment of a defendant who takes the stand.

No error.

Judges BRITT and HEDRICK concur.