STATE OF NORTH CAROLINA v. LESTER ALLEN CROUCH

No. 7925SC172

(Filed 4 September 1979)

1. **Criminal Law §§ 34.4, 86.2— prior convictions of drunk driving—stipulation—cross-examination for impeachment proper**

    In a prosecution for driving under the influence, third offense, the trial court did not err in allowing the State to cross-examine defendant concerning his prior convictions of driving under the influence, though defendant had stipulated for the purpose of trial that he had been so previously convicted, since the evidence sought by defendant's cross-examination was for impeachment purposes and was therefore competent.

2. **Criminal Law § 7— entrapment—insufficiency of evidence**

    In a prosecution for driving under the influence, third offense, evidence was insufficient to support defendant's contention that he was entrapped.

    Judge MITCHELL concurred in the result.

APPEAL by defendant from *Browning, Judge.* Judgment entered 4 October 1978 in Superior Court, CATAWBA County. Heard in the Court of Appeals 22 May 1979.

The decision of this Court dismissing defendant's appeal for failing to comply with the Rules of Appellate Procedure (41 N.C. App. 612, 255 S.E. 2d 192 (1979)) was vacated by order of the Supreme Court 31 July 1979, and the case was remanded to this Court for further consideration on the merits.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for the State.*

*Ingle and Joyner, by John D. Ingle, for defendant.*

MARTIN (Harry C.), Judge.

Defendant was convicted of operating an automobile while under the influence of intoxicating liquors, third offense, and sentence was imposed. Defendant appealed.

[1] Defendant contends the court erred in allowing the state to cross-examine him concerning prior convictions of driving under the influence of intoxicants when he had stipulated for the purpose of trial that he had been so previously convicted. N.C. Gen. Stat. 15A-928. The evidence sought by the cross-examination of defendant was for impeachment purposes and not as substantive evidence of an element of the offense charged. Such evidence was held competent in *State v. Guinn,* 32 N.C. App. 595, 233 S.E. 2d 73 (1977). Defendant's assignment of error is overruled.

[2] Defendant next contends he was entrapped. The evidence does not support this contention. The trial judge submitted the issue of entrapment to the jury and by its verdict the question was resolved against defendant.

Defendant received a fair trial, free of prejudicial error.

No error.

Judge PARKER concurs.

Judge MITCHELL concurred in the result.