## 21816

In the Matter of Albert BRADLEY, Magistrate for Lee County, Respondent.
(297 S. E. (2d) 797)

*Atty. Gen. Daniel R. McLeod* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.*, Columbia, *for complainant.*

*Albert Bradley, pro se.*

December 6, 1982.

*Per Curiam:*

This disciplinary matter is before us for review of the recommendation by the Board of Commissioners on Judicial Standards (Board) that respondent Albert Bradley, Magistrate for Lee County, be publicly reprimanded for misconduct in office.

The Panel of Hearing Masters (Panel) issued a report containing the relevant facts. Respondent was convicted by a jury in Magistrates Court, Florence, South Carolina on April 14, 1981, of driving under the influence.[1] At the time of his arrest, he refused to give the arresting officer his driver's license and refused to vacate his automobile, stating he was a magistrate from Lee County and he was going home. He was forcibly removed from his automobile and taken to the Florence County Law Enforcement Center. Upon arrival, he insisted

---

[1] Upon appeal to the circuit court, respondent's conviction was affirmed.

upon calling a local magistrate who he believed would order his release. The call was unsuccessful. Bradley refused to take the breathalyzer test and refused to sign the receipt form required by the Implied Consent Law.

The Panel's report concluded respondent violated Canons 1 and 2 of the Code of Judicial Conduct. Canon 1 requires a judge to maintain and enforce high standards of conduct so that the integrity of the judiciary will be preserved. Canon 2 requires a judge to respect and comply with the law, to conduct himself at all times in a manner that promotes public confidence in the integrity of the judiciary, and to avoid impropriety and the appearance of impropriety in all his activities.

The Panel's report was reviewed by the Board and the findings were approved and adopted by a vote of five (5) to two (2).

We agree with the Panel and the Board that respondent is guilty of misconduct, and that his conduct leading to, during, and after his arrest, although a misdemeanor not involving moral turpitude, is a serious violation of Canons 1 and 2 of the Code of Judicial Conduct. Accordingly, respondent Albert Bradley, Magistrate of Lee County, stands publicly reprimanded for misconduct in office.