IN THE MATTER OF KEVIN E. VAINIO, AN ATTORNEY AND COUNSELOR AT LAW, RESPONDENT.

No. 88-481.
Decided Dec. 14, 1989.
787 P.2d 744.

DELIVERING JUSTICE: Mr. Vainio, this public censure is being delivered today in accordance with the Order of October 17, 1989, issued out of this Court and served upon you. These proceedings are founded on a complaint charging you with various violations of the Rules of Professional Ethics which apply to attorneys licensed to practice in the State of Montana. After a hearing at which you were personally present and represented by counsel, the Commission on Practice issued its findings, conclusions, and recommendations dated July 27, 1989, which were filed in this Court on July 31, 1989. The Commission recommended that you be suspended from the practice of law for 30 days, that you be publicly censured, and that you pay all costs of the proceeding before the Commission on Practice as a condition to reinstatement in the practice of law. By order dated October 17, 1989, this Court concluded that you should be suspended from practice commencing December 14, 1989, through January 13, 1990, and that you are to file proof of payment of all costs of the proceeding before the Commission on Practice and an affidavit that you have fully complied with all of the requirements of the suspension order before resuming practice. You were given notice by the October 17, 1989, order of this Court to prepare your practice and your clients for your suspension from practice, pursuant to Rule 21, Supreme Court of the State of Montana Rules for Lawyer Disciplinary Enforcement. I will now read the conclusions of the Commission on Practice, whose findings and conclusions are incorporated herein by this reference.

## CONCLUSIONS OF LAW

"1. Allegations contained in Count One were proved by clear and convincing evidence that Mr. Vainio refused to disperse when requested by a police officer in violation of § 45-8-102, MCA, resisting arrest in violation of § 45-7-301, MCA, and when subsequently charged with the crimes in the City Court of Bozeman, Montana, Mr. Vainio, through his counsel, entered a plea of guilty to the crime of failure to disperse and the crime of resisting arrest. Under § 37-61-301, MCA, the record of conviction of a misdemeanor involving moral turpitude is conclusive evidence of cause for removal or of suspension of Mr. Vainio. An aggravated case of resisting arrest is a crime involving moral turpitude. Mr. Vainio had to be physically restrained by three police officers in order to effect the arrest.

"The conduct described in Count One, constitutes a violation of

the Rules of Professional Conduct adopted by the Montana Supreme Court on June 6, 1985, specifically Rule 8.4(b) and (d) in that it constitutes a criminal act that reflects adversely on his fitness as a lawyer as well as conduct prejudicial to the administration of justice.

"2. The allegations contained in Count Two were proved by clear and competent evidence that Mr. Vainio obstructed a police officer in carrying out his duties and thereafter his plea of guilty to the crime charged constitutes conduct which is prejudicial to the administration of justice and a criminal act which reflects adversely on his fitness as a lawyer.

"3. The allegations contained in Count Three were proved by clear and competent evidence that Mr. Vainio obstructed a peace officer when he knowingly obstructed and hindered the enforcement of the criminal law. Such conduct is in violation of Rule 8.4(b) and (d).

"4. Intoxication is not a defense in any disciplinary action before the Commission on Practice, nor will it be considered by the Commission for purposes of mitigating any disciplines recommended by the Commission to the Supreme Court."

The Supreme Court of the State of Montana unanimously concludes and orders as follows:

1. That you are hereby suspended from the practice of law as an attorney and counselor in the State of Montana, including all tribunals and other bodies of this State, commencing today, December 14, 1989, and continuing through January 13, 1990.

2. That the costs of your proceedings before the Commission on Practice are determined to be a total of $3,530.16, as appears from the attached summary furnished by the Commission on Practice. You have been sent a copy of this statement by certified mail.

3. When you have completed the period of suspension from practice on January 13, 1990, you shall file with this Court proof of payment of such $3,530.16, and also an affidavit stating that you have fully complied with all of the requirements of the suspension order, and you shall serve a copy of the same upon the secretary of the Commission on Practice, in accordance with Rule 20, Rules for Lawyer Disciplinary Enforcement. In addition, you shall see that personal service is made of copies of those papers upon the Chief Justice or Acting Chief Justice of this Court prior to resuming the practice of law. This Court will then issue its Order authorizing you to again practice as an attorney and counselor in the State of Montana.

4. Copies of these Proceedings in Public Censure and Order shall

be delivered to you, Mr. Vainio; to your counsel, Peter Michael Meloy; to Gregory O. Morgan, as special prosecutor; to the chairman of the Commission on Practice; to George Bousliman, Executive Director of the State Bar of Montana; to each of the District Judges of the State of Montana; and to each of the United States District Judges for the District of Montana.

DATED this 14th day of December, 1989.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Diane G. Barz, Justice
s/William E. Hunt, Sr., Justice
s/R.C. McDonough, Justice
s/John C. Sheehy, Justice
s/Fred J. Weber, Justice

# APPENDIX

### CERTIFICATION OF STATEMENT

### OF COMMISSION ON PRACTICE COSTS

\* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF:        )
                         )
KEVIN E. VAINIO,         )        Cause No. 88-481
    Attorney at Law.     )

\* \* \* \* \* \* \* \* \* \*

**ASSESSED COSTS:  $3,530.16**

\* \* \* \* \* \* \* \* \* \*

I HEREBY CERTIFY, that Pat Chenovick, Budget and Financial Officer of the Supreme Court has prepared an appropriate statement of Commission on Practice costs that incurred as a result of the Vainio matter.

I HEREBY CERTIFY, that on November 21, 1989, I hand delivered a copy of the costs to the Hon. J.A. Turnage, Chief Justice of the Montana Supreme Court, in accordance with the Supreme Court Order dated October 17, 1989.

I HEREBY CERTIFY, that on November 21, 1989, I mailed by certified mail, a true copy of the Commission costs to Kevin E. Vainio, Attorney at Law, 27 West Park Street, Butte, MT 59701, true copy attached hereto.

DATED THIS 21st day of November, 1989.

BY: *Karen Sedlock*
KAREN SEDLOCK, ADMIN. SECR.
COMMISSION ON PRACTICE

418

October 30, 1989

Karen Sedlock
Executive Secretary
Commission on Practice
215 Sanders, Room 317
Helena, MT. 59620

Dear Karen,

Per your request in regards to the costs associated to COP case Number 935, Kevin E. Vainio, I am detailing the costs that I can identify.

| | | |
|---|---|---:|
| Ione T. Daniels ........ Transcript of hearing ........... | | $ 871.70 |
| Gregory Morgan ....... Investigation ................... | | 1,242.02 |
| Cost of May hearing ................................. | | 1,163.88 |
| Printing cost of deposition ........................... | | 252.56 |
| Total ................. | | $3,530.16 |

If I can be of further assistance in this matter, please call.

Sincerely,

Patrick A. Chenovick
Finance/Budget/Training Officer
Montana Supreme Court