1720

The STATE, Respondent v. Timothy Wayne HALL, Appellant.

(411 S.E. (2d) 441)

Court of Appeals

*Assistant Appellate Defender Robert M. Pachak* of *S.C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Larry F. Grant,* York, *for respondent.*

Heard Oct. 8, 1991.

Decided Nov. 12, 1991.

GOOLSBY, Judge:

A jury convicted Timothy Wayne Hall of murder. During the trial, Hall sought to impeach the state's main witness, Gary Rabon, with Rabon's prior convictions. The convictions included petit larceny, first offense driving under the influence, and resisting arrest. The trial court held Hall could only impeach Rabon with the petit larceny conviction because it was the only crime involving moral turpitude. Hall appeals, claiming first offense driving under the influence and resisting arrest are also crimes of moral turpitude. We disagree and affirm.

## I.

We agree with the jurisdictions that have decided the issue, at least with regard to a first offense, that driving under the influence is not a crime of moral turpitude. *Hall v. Hall*, 261 Ga. 188, 402 S.E. (2d) 726 (1991); *In re Carr*, 46 Cal (3d) 1089, 252 Cal. Rptr. 24, 761 P. (2d) 1011 (1988); *Brown v. State*, 76 Md. App. 630, 547 A. (2d) 1099 (1988), *cert. denied*, 314 Md. 497, 551 A. (2d) 867 (1989); *Matter of Oliver*, 493 N.E. (2d) 1237 (Ind. 1986); *Holden v. State*, 628 S.W. (2d) 166 (Tex. Ct. App. 1982); *State v. Batchelor*, 135 Vt. 366, 376 A. (2d) 737 (1977); *Matter of Walker*, 254 N.W. (2d) 452 (S.D. 1977); *Fee v. State*, 497 S.W. (2d) 748 (Tenn. Crim. App. 1973); *Diamond v. State*, 49 Ala. App. 68, 268 So. (2d) 850 (Crim. App. 1972); *In re Morris*, 74 N.M. 679, 397 P. (2d) 475 (1964) (Noble, J., dissenting) (characterizing the majority opinion as agreeing that driving under the influence is not a crime of moral turpitude); *State v. Deer*, 129 N.E. (2d) 667 (Ohio C.P. 1955); *cf. State v. Jenness*, 143 Me. 380, 62 A. (2d) 867 (1948) (driving an automobile while intoxicated involves moral turpitude, but driving while merely under the influence of liquor does not); *contra State v. Crouch*, 42 N.C. App. 729, 257 S.E. (2d) 646 (1979) (convictions for driving under the influence may be used for impeachment); *Bunn v. State*, 561 P. (2d) 969 (Okla. Crim. App. 1977) (driving under the influence is a crime of moral turpitude). In our view, first offense driving under the influence, although not to be condoned, cannot be necessarily characterized as "an act of baseness, vileness or

depravity in the private and social duties which man owes to his fellow man or to society in general, contrary to the customary and accepted rule of right and duty between man and man." *State v. Ball,* 292 S.C. 71, 73, 354 S.E. (2d) 906, 907-08 (1987), *overruled on other grounds, State v. Major,* 301 S.C. 181, 391 S.E. (2d) 235 (1990); *cf. State v. LaBarge,* 275 S.C. 168, 172, 268 S.E. (2d) 278, 280 (1980) ("While all crimes involve some degree of social irresponsibility, all crimes do not involve moral turpitude."); McAninch and Fairey, THE CRIMINAL LAW OF SOUTH CAROLINA at 49 (2d ed. 1989) ("Most offenses found to involve moral turpitude . . . seem to include some type of dishonest behavior. . . .").

In reaching this conclusion, we note our Supreme Court has already held that public drunkenness is not a crime of moral turpitude and that the Attorney General has expressed his opinion that even third offense driving under the influence does not constitute a crime of moral turpitude. *State v. LaBarge,* 275 S.C. 168, 268 S.E. (2d) 278 (1980); 1984 S.C. Att'y Gen. Op. No. 84-99 at 232.

## II.

With regard to resisting arrest, we hold that whether it is a crime of moral turpitude depends upon the facts of the case. *Cf. State v. Bailey,* 275 S.C. 444, 272 S.E. (2d) 439 (1980) (whether assault and battery of a high and aggravated nature is a crime of moral turpitude depends upon the facts of the case). S.C. Code Ann. § 16-9-320 (Supp. 1990) provides:

A person who knowingly and wilfully:

(1) opposes or resists a law enforcement officer in serving, executing, or attempting to serve or execute a legal writ or process or who resists an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not, is guilty of a misdemeanor and, upon conviction, must be fined not less than five hundred dollars and not more than one thousand dollars or imprisoned not more than one year, or both;

(2) assaults, beats, or wounds a law enforcement officer

engaged in serving, executing, or attempting to serve or execute a legal writ or process or who assaults, beats, or wounds an officer when the person is resisting an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not, is guilty of a misdemeanor and, upon conviction, must be fined not less than one thousand dollars and not more than ten thousand dollars or imprisoned for not more than ten years, or both.

This "statute clearly distinguishes in the penalty provisions between 'non-violent resistance' and the use of force against a law enforcement officer." S.C. Att'y Gen. Op. of Feb. 12, 1991.

We agree with the conclusion of the Attorney General, that a violation of section 16-9-320(1), which involves non-violent resistance, does not constitute a crime of moral turpitude. *See Matter of Bradley*, 278 S.C. 426, 297 S.E. (2d) 797 (1982) (arrestee's refusal to vacate his automobile which required his forcible removal by officers, along with arrestee's refusals to give arresting officer his driver's license, to submit to a breathalyzer, and to sign an implied consent form did not involve moral turpitude); *cf. Soronken v. City Court of the City of Tucson*, 130 Ariz. 62, 633 P. (2d) 1055 (Ct. App. 1981) (offense of resisting arrest with maximum penalty of six months imprisonment or one thousand dollars, or both is not a crime of moral turpitude).

We also agree with the conclusion of the Attorney General that where there is a violation of section 16-9-320(2), which involves violent resistance, the surrounding facts, as in the case of a conviction for assault and battery of a high and aggravated nature, determine whether moral turpitude is involved. *See State v. Jones*, 133 S.C. 167, 181, 130 S.E. 747, 751 (1925) (" 'Assault and battery of a high and aggravated nature' is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as ... resistance of lawful authority. ..."); *cf. Matter of Vainio*, 240 Mont. 413, 787 P. (2d) 744 (1989) (aggravated case of resisting arrest requiring physical constraint by three officers is a crime of moral turpitude); *People v. Lindsay*, 209 Cal. App. (3d) 849, 257 Ca. Rptr. 529 (1989) (battery upon a police officer is a crime of moral turpitude but simple battery

does not necessarily involve moral turpitude); *In re Frick*, 694 S.W. (2d) 473 (Mo. 1985) (en banc) (pointing and discharging weapon at security patrol to avoid capture is a crime involving moral turpitude).

Because there is no evidence in the record indicating that Rabon's conviction for resisting arrest was under section 16-9-320(2) and there is no evidence showing what the facts of that case were, we find no error in the trial court's not allowing the conviction to be used for impeachment purposes. *Cf. Honea v. Prior*, 295 S.C. 526, 369 S.E. (2d) 846 (Ct. App. 1988) (unless a party includes an offer of proof in the record, there is nothing for us to review); *Rental Uniform Service of Greenville, South Carolina, Inc. v. K&M Tool and Die, Inc.*, 292 S.C. 571, 357 S.E. (2d) 722 (Ct. App. 1987) (the exclusion of evidence will not be considered on appeal where the record does not show what the evidence would have been).

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.