# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60722

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2017

Lyle W. Cayce
Clerk

HENRY KPANI LARYEA,

   Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

   Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA A097 680 721

Before DAVIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Proceeding *pro se*, Henry Kpani Laryea, a native and citizen of Ghana, petitions for review of a decision of the Board of Immigration Appeals finding that his prior conviction of evading arrest under Texas Penal Code § 38.04 (2011) was categorically a crime involving moral turpitude rendering him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  Because we hold that § 38.04 is not categorically a crime involving moral turpitude, we

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60722

GRANT Laryea's petition, VACATE the BIA's decision, and REMAND for further proceedings consistent with this opinion.

## I.

Laryea was admitted to the United States in 2002 on an F-1 nonimmigrant student visa. Laryea remained in the United States without authorization after his visa expired in 2008. In July 2011, Laryea pleaded guilty to evading arrest, a Class A misdemeanor, in violation of Texas Penal Code § 38.04 (2011),[1] and was sentenced to 18 days in jail. The Department of Homeland Security initiated removal proceedings pursuant to 8 U.S.C. § 1227(a)(1)(B) against Laryea for remaining in the United States longer than his visa authorized. Through counsel, Laryea admitted the factual allegations in his Notice to Appear and conceded removability, but indicated his intention to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

The Immigration Judge ("IJ") determined that § 38.04 was divisible and applied the modified categorical approach to determine whether the conduct underlying Laryea's conviction was a crime involving moral turpitude ("CIMT"). The IJ reviewed several state court documents, including a police report filed after Laryea's encounter with law enforcement that led to his indictment. The IJ concluded that Laryea's conduct, fleeing from peace officers attempting to lawfully arrest him, was morally turpitudinous and constituted

---

[1] Section 38.04 provides, in relevant part,

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

(b) An offensive under this section is a Class A misdemeanor, except that the offense is:

    (1) a state jail felony if:

        (A) the actor has been previously convicted under this section; or

        (B) the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section . . . .

TEX. PENAL CODE § 38.04 (2011).

2

No. 15-60722

a CIMT under 8 U.S.C. § 1227(a)(2), which pretermitted his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(c).

Laryea appealed to the Board of Immigration Appeals ("BIA"). The BIA vacated the IJ's decision and remanded the case, holding that the IJ erred in (1) finding that § 38.04 was divisible without first considering whether all of the offenses under the statute are categorically a CIMT; and (2) relying on the police report, a document not part of the record of conviction in this case, to determine Laryea's conviction constituted a CIMT.

On remand, the IJ held that § 38.04 was categorically a CIMT because it involves conduct that reflects "an intentional attempt to evade responsibility," which constitutes a CIMT under our case, *Garcia-Maldonado v. Gonzales*.[2] While *Garcia-Maldonado* involved a different crime, the IJ reasoned that intentionally fleeing from a lawful arrest is, at bottom, an evasion of responsibility and therefore § 38.04 categorically constitutes a CIMT. Alternatively, the IJ held that if § 38.04 is not categorically a CIMT, it would still be one under the modified categorical approach. The IJ pointed to *Pulido-Alatorre v. Holder*, where we held that evading arrest with a vehicle under a prior version of § 38.04 was a CIMT.[3] The IJ looked to the appropriate documents in Laryea's record of conviction and concluded that he was convicted under the portion that criminalizes evading arrest with a vehicle, the same as in *Pulido-Alatorre*, and thus was convicted of a CIMT.

Laryea again appealed the IJ's decision to the BIA. The BIA affirmed the decision of the IJ, finding that § 38.04 is categorically a CIMT because "[t]he gravamen of this offense is the intentional and affirmative obstruction of, or interference with, a police officer's exercise of the duty to make a lawful

---

[2] *See Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 290 (5th Cir. 2007) (holding that a conviction for failure to stop and render aid following a fatal car accident is a CIMT).

[3] 381 F. App'x 355, 358-59 (5th Cir. 2010).

arrest." Relying on *Garcia-Maldonado*, the BIA held that this "intentional evasion of responsibility for criminal acts" constitutes a CIMT.[4] Because the BIA held that Laryea's conviction was categorically a CIMT, it failed to reach his arguments relating to the modified categorical approach.

Proceeding *pro se*, Laryea filed a petition for review from this Court. Laryea's primary argument on appeal is that § 38.04 is divisible and the BIA should have applied the modified categorical approach to determine whether his crime of conviction is a CIMT.[5]

## II.

"When considering a petition for review, this court has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision."[6] "[T]his court may review the IJ's findings and conclusions if the BIA adopts them."[7] Here, the BIA affirmed the findings and conclusions of the IJ, so we review both decisions.

If an alien has been convicted of a CIMT, he is "ineligible for cancellation of removal if, among other things, under the statute of conviction, 'a sentence

---

[4] *See Garcia-Maldonado*, 491 F.3d at 290.

[5] Laryea raises several other issues on appeal including collateral attacks on his underlying conviction including his plea was unknowing and involuntary, insufficiency of the evidence, and ineffective assistance of counsel. Laryea cannot collaterally attack his conviction in a petition for review. *See Singh v. Holder*, 568 F.3d 525, 528 (5th Cir. 2009). Laryea raises two other issues for the first time in this appeal, arguing that (1) his conviction does not render him statutorily ineligible for cancellation of removal because it was not committed within five years of his admission as required by 8 U.S.C. § 1227(a)(2)(A)(i); and (2) he is eligible for cancellation of removal because his conviction falls within the petty offense exception in 8 U.S.C. § 1182(a)(2). Because Laryea raises these issues for the first time in his petition for review, he has not exhausted his administrative remedies with respect to these claims and we lack jurisdiction to review them. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen."); *Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986) (holding that this Court lacks jurisdiction to review unexhausted claims).

[6] *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (citing *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997)).

[7] *Id.* (citing *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002)).

of one year or longer may be imposed.'"[8]  The Immigration and Nationality Act "'does not define the term moral turpitude,' and legislative history provides us with little guidance as to Congress's intent."[9]  The BIA has determined that "moral turpitude" includes conduct that is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general."[10]

"We give *Chevron* deference to the BIA's interpretation of the term 'moral turpitude' and its guidance on the general categories of offenses which constitute CIMTs, but we review *de novo* the BIA's determination of whether a particular state or federal crime qualifies as a CIMT."[11]

We use the categorical approach to determine whether a prior conviction is a CIMT by focusing on the elements of the offense rather than the underlying conduct and asking "if the minimum reading of the statute necessarily reaches only offenses involving moral turpitude."[12]  If the statute contains alternative elements where some are qualifying offenses and some are not, we use the modified categorical approach and consider the record of conviction to determine whether the alien was convicted under the qualifying portion of the statute.[13]

---

[8] *Cisneros-Guerrerro v. Holder*, 774 F.3d 1056, 1058 (5th Cir. 2014) (quoting 8 U.S.C. § 1227(a)(2)(A)(i)(I), (II); *see also* 8 U.S.C. § 1229b(b)(1)(C) (stating, in part, that an alien is only eligible for cancellation of removal if he "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title").

[9] *Id.* (quoting *Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 319-20 (5th Cir. 2005)).

[10] *Id.* (quoting *In re Sejas*, 24 I. & N. Dec. 236, 237 (BIA 2007)); *see also Garcia-Maldonado*, 491 F.3d at 288 ("Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between person or to society in general.").

[11] *Id.* (quoting *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 823-24 (5th Cir. 2012)) (internal quotation marks omitted).

[12] *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006).

[13] *Mathis*, 136 S. Ct. at 2249.

No. 15-60722

Laryea argues that his prior conviction, evading arrest or detention under Texas Penal Code § 38.04 (2011), is a divisible statute and therefore the modified categorical approach should be used to determine whether his crime of conviction is a CIMT.

Laryea was convicted of a Class A misdemeanor under § 38.04. Under this statute, a person evades arrest "if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him."[14] Subpart (b) of this statute classifies the offense as a Class A misdemeanor or as a felony under (b)(1) if "(A) the actor has been previously convicted under this section; or (B) the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section."[15]

Under *Mathis*, we must determine whether § 38.04 is divisible, that is, whether it contains alternative elements where some acts are CIMT and some acts are not.[16] We hold that § 38.04 is divisible under this standard because subparts (b)(1)(A) and (B) make it a felony if the fleeing individual has a prior conviction under § 38.04 or uses a vehicle to flee.[17] The felony acts described above are "different crime[s]" from the misdemeanor offense described in subpart (a) which criminalizes "flee[ing] from a person he knows is a peace officer attempting lawfully to arrest or detain him."[18] Therefore, we are bound to apply the modified categorical approach to determine whether Laryea's crime of conviction is a CIMT. This conclusion is consistent with our findings in *Pulido-Alatorre v. Holder*.[19] In that unpublished opinion, we held that the

---

[14] TEX. PENAL CODE § 38.04(a) (2011).
[15] *Id.* § 38.04(b).
[16] *See Mathis*, 136 S. Ct. at 2249.
[17] TEX. PENAL CODE § 38.04(b)(1)(A), (B) (2011).
[18] *Id.* § 38.04(a), (b); s*ee Mathis*, 136 S. Ct. at 2250.
[19] 381 F. App'x 355, 358-59 (5th Cir. 2010).

6

No. 15-60722

alien's conviction under § 38.04 involving flight using a vehicle was a CIMT.[20] Here, examining the record of conviction, Laryea was convicted of a Class A misdemeanor, which does not involve flight using a vehicle. We hold that fleeing from a police officer, without more, does not rise to the level of moral turpitude because it is not "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general."[21] Therefore, we find that the conduct involved in Laryea's offense, "intentionally flee[ing] from a person he knows is a peace officer attempting lawfully to arrest or detain him," is not a CIMT.[22]

The Attorney General relies on *Garcia-Maldonado*, a case that involved a different crime,[23] for the general proposition that intentional evasion of responsibility for criminal acts is a CIMT. Because Laryea intentionally evaded responsibility by fleeing from a lawful arrest, the Attorney General argues, his conviction under § 38.04 is a CIMT. We disagree. There, we held that a prior conviction for failing to stop and render aid after an automobile accident was a CIMT.[24] Garcia-Maldonado was convicted of intentionally

---

[20] *Id.* at 359. The crime of conviction in *Pulido-Alatorre*, was a prior version of § 38.04 that was materially the same as the 2011 version at issue in this case. The only difference is that the base-level offense was classified as a Class B misdemeanor. There, the court analyzed the following text and determined that subpart (b)(1)(B) was a CIMT:

    (a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him.

    (b) An offense under this section is a Class B misdemeanor, except that the offense is:

        (1) a state jail felony if

            (A) the actor has been previously convicted under this section; or

            (B) the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section.

TEX. PENAL CODE § 38.04 (2005).

[21] *Cisneros-Guerrerro*, 774 F.3d at 1058 (quoting *In re Sejas*, 24 I. & N. Dec. 236, 237 (BIA 2007)).

[22] TEX. PENAL CODE § 38.04(a) (2011).

[23] 491 F.3d at 287 (finding that failure to stop and render aid under § 550.021 of the Texas Transportation Code is a CIMT for immigration purposes).

[24] *Id.* at 290.

leaving the scene of a serious accident that he knew had occurred.[25] "Once a driver knows he was involved in an accident, he necessarily knows it is wrong to leave, or at the very least, to leave without attempting reasonable assistance."[26] "[F]ailure to stop and render aid after being involved in an automobile accident is the type of base behavior that reflects moral turpitude."[27] The conduct criminalized under § 38.04(a), even to the extent it reflects an intentional evasion of responsibility for criminal acts, does not, without more, rise to this level of moral turpitude.[28] *Garcia-Maldonado* is therefore distinguishable.

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] This conclusion is consistent with state court decisions we have found. Those states that allow impeachment of witnesses with morally turpitudinous convictions generally find that resisting, fleeing, or evading arrest is not a CIMT. Finley v. State, 661 So. 2d 762, 765 (Ala. Crim. App. 1995) (concluding that "resisting a police officer" is not a CIMT); Barge v. State, 568 S.E.2d 841, 845 (Ga. App. 2002) ("The misdemeanors, fleeing an officer and obstruction of an officer, do not fit within the definition of crimes of moral turpitude."); State v. Hall, 411 S.E.2d 441, 443 (S.C. App. 1991) (holding that "non-violent resistance, does not constitute a crime of moral turpitude"); Kneeland v. State, 2017 WL 1535103, at *4 (Tex. App.--Beaumont Apr. 26, 2017).

Those state cases that have found such a conviction is a CIMT deal with statutes that involve some aggravating factor beyond mere resisting, fleeing, or evading. People v. Dewey, 49 Cal. Rptr. 2d 537 (Cal. App. 6th Dist. 1996) (holding that intent to evade pursuing peace officers in willful and wanton disregard of safety of persons or property is a CIMT--i.e., use of car); Matter of Vainio, 787 P.2d 744, 745 (Mont. 1989) ("An aggravated case of resisting arrest is a crime involving moral turpitude"); Hall, 411 S.E.2d at 443 (noting that violent resistance would constitute a CIMT).

The same is true of federal decisions holding as such. Cano v. U.S. Atty. Gen., 709 F.3d 1052, 1054 (11th Cir. 2013) ("[B]ecause Fla. Stat. § 843.01 requires intentional violence against an officer, it criminalizes "conduct [that] exhibits a deliberate disregard for the law, which we consider to be a violation of the accepted rules of morality and the duties owed to society."); see also Cano-Oyarzabal v. Holder, 774 F.3d 914, 915 (7th Cir. 2014) (involves use of car and attendant risks); Ruiz-Lopez v. Holder, 682 F.3d 513, 521 (6th Cir. 2012) (involves use of car and attendant risks).

State cases discussing moral turpitude in other contexts likewise conclude such a conviction is not a CIMT. Landis v. Taylor, 5 Ohio N.P. 216 (Ohio Com. Pleas 1898) (observing that "resisting an officer" "do[es] not involve moral turpitude"); Spronken v. City Ct. of City of Tucson, 633 P.2d 1055, 1057 (Ariz. App. 2d Div. 1981) (finding that "resisting arrest" does not involve moral turpitude).

No. 15-60722

III.

We hold that Texas Penal Code § 38.04, evading arrest or detention, is a divisible statute because its subparts articulate different crimes. Using the modified categorical approach, we find that Laryea was convicted of a Class A misdemeanor for fleeing from a lawful arrest, which is not a CIMT. Therefore, Laryea's petition for review is GRANTED. We VACATE the BIA's order and REMAND for further proceedings consistent with this opinion.

---

Finally, the BIA has said that a conviction under Texas's resisting arrest statute is not a CIMT. Matter of Garcia-Lopez, 2007 WL 4699842, at \*2 (BIA Nov. 2, 2007) (holding that a conviction under Texas Penal Code § 38.03(a) - intentionally resisting arrest - is not a CIMT).