**Affirmed and Memorandum Opinion filed May 10, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-17-00785-CR

**ZAID ADNAN NAJAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1503083**

## MEMORANDUM OPINION ON REMAND

On remand from the Court of Criminal Appeals, we address the sole remaining issue in this appeal: whether the trial court abused its discretion in denying appellant's motion for new trial. *See Najar v. State*, 586 S.W.3d 110 (Tex. App.—Houston [14th Dist.] 2019), *rev'd*, 618 S.W.3d 366 (Tex. Crim. App. 2021). A jury found appellant guilty of the felony offense of evading arrest or detention with a motor vehicle and sentenced him to ten years' confinement, probated for four years of community supervision. *See* Tex. Penal Code Ann. § 38.04. Before

trial, appellant pleaded not guilty to the offense and turned down more than one plea offer from the State. After the jury found him guilty, appellant filed a motion for new trial, arguing that he received ineffective assistance of counsel with regard to his trial counsel's advice on the immigration consequences of the State's plea offer. The trial court denied appellant's motion after a hearing. On appeal, appellant argues the trial court abused its discretion in denying his motion. Concluding the trial court did not abuse its discretion, we affirm the judgment of the trial court.

## I. BACKGROUND

### A. Pretrial Plea Negotiation

The State initially charged appellant with three offenses: possession of a prohibited weapon (a misdemeanor); racing (a misdemeanor); and evading arrest or detention in a motor vehicle (a felony). The State offered to dismiss the two misdemeanors and reduce the felony to misdemeanor evading arrest by foot with deferred adjudication. In a text message exchange provided by affidavit during the hearing on the motion for new trial, counsel advised appellant that the offer was "fantastic" but that "a deferred counts as a conviction for immigration purposes." Counsel further explained that if appellant was convicted of a felony at trial, he would "definitely" be deported. Counsel said her "legal advice is to fight these cases[,] [b]ut I want you to understand the risk involved." Appellant responded that he did not "want any convictions on [his] records." Because it would make him lose "any chance of ever becoming legal." Appellant alleges it was this advice that made him reject the plea bargain. He further claims that he would have accepted the plea offer if not for counsel's advice.

### B. Trial Counsel's Affidavit

2

The State presented an affidavit of appellant's trial counsel at the hearing on the motion for new trial. In her affidavit, counsel averred that during their first meeting appellant informed her that he was in the United States illegally. According to counsel, appellant never told her that he was residing here on an expired green card. Counsel further averred that throughout her representation of appellant, she kept potential immigration consequences in the forefront of their decisions. Additionally, she informed appellant that she was not an immigration attorney and advised him to consult one. According to counsel, appellant "repeatedly refused to do so." Counsel averred that she "informed Mr. Najar that deferred adjudication counts as a conviction. [She] told him a conviction could have him deported." Counsel reemphasized that appellant never told her that he was here on an expired green card, and she was proceeding under the impression that he was here illegally. Counsel further stated that because appellant maintained his innocence with regard to all three charges and because deportation was an issue, she advised appellant to go to trial. Further, she averred, that based on her interpretation of the law and facts known to her, she informed her client a felony conviction would result in deportation.

### C. Immigration Attorney's Affidavit

During the hearing on the motion for new trial, the defense presented an affidavit of an immigration attorney appellant hired after his conviction. That attorney explained that appellant entered the United States on a student non-immigrant visa in 2014 and that visa would have qualified appellant for an application for lawful permanent resident pending a green card before immigration based on his marriage to a United States citizen. However, she averred, because of appellant's conviction, he is now deemed inadmissible and does not qualify for his green card despite his marriage to a United States citizen. She further explained

3

that his "application for relief from removal will now be denied because of his current convictions." The immigration attorney also averred, "[i]f Mr. Najar had accepted the State's original plea offer, and had two cases dismissed, and his felony reduced to a class A misdemeanor, this conviction would have made him admissible as a lawful permanent resident under the Immigration and Nationality Act. And therefore, could have adjusted from a student visa to a lawful permanent resident of the USA."

### D. Appellant's Affidavit

The defense also presented an affidavit of appellant during the hearing on the motion for new trial. Appellant averred that trial counsel told him that the initial plea deal "was a fantastic deal, but that the plea to the misdemeanor reckless driving would count as a conviction and would result in [his] deportation."[1] According to appellant, counsel said that they had a "good chance of winning and her legal advice was to fight the cases at trial." Appellant explained that after he was found not guilty on the street racing charge and guilty on the possession of the prohibited weapon charge, the State offered another plea deal on the felony charge. Appellant averred that counsel told him that this was a "good deal, but would likely result in [his] deportation."

Appellant continued to explain that "his only concern in fighting [his] cases was avoiding problems with [his] immigration status." He said that he "knew a felony conviction would cause immigration consequences for [him], but [he] believes that the only way to avoid deportation was to take [his] chances at trial." Ultimately, he concluded that if he had known that accepting the deferred

---

[1] During the hearing on the motion for new trial, appellant's counsel clarified that appellant was mistaken in his affidavit, the plea offer was for a reduced charge of misdemeanor evading arrest or evading arrest by foot, not reckless driving. *See* Tex. Penal Code § 38.04(b), (b)(2).

adjudication misdemeanor plea would have allowed him to remain in the United States, he would have "immediately accepted that offer" and "would never even considered going to trial."

## II.   INEFFECTIVE ASSISTANCE?

The sole issue remaining after remand is whether the trial court abused its discretion in denying appellant's motion for new trial based on appellant's claim of ineffective assistance of counsel. Specifically, appellant argues counsel was ineffective in advising appellant on the immigration consequences of the State's plea offer.

### A. Standard of Review

When, as here, an appellant asserts ineffective assistance of counsel in a motion for new trial, we review the trial court's denial of the motion for abuse of discretion. *Odelugo v. State*, 443 S.W.3d 131, 137 (Tex. Crim. App. 2014). "We view the evidence in the light most favorable to the trial court's ruling, and we reverse only if no reasonable view of the record would support the trial court's finding." *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). As a reviewing court, we afford "almost total deference" to a trial court's determination of historical facts and its application of the law to fact questions, the resolutions of which turns on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same deferential review to the trial court's determination of historical facts based solely on affidavits, regardless of whether the affidavits are controverted. *Okonkwo*, 398 S.W.3d at 694. In the absence of express findings, as here, we presume the trial court made all findings in favor of the prevailing party. *Id*.

"If a plea bargain has been offered, a defendant has the right to effective

assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington. Missouri v. Frye*, 566 U.S. 134, 140 (2012). To prevail on a claim of ineffective assistance of counsel, appellant must show that: (1) trial counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 692 (1984).

To establish that counsel's performance was deficient, the defendant must show that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The defendant must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms." *Bone v. State*, 77 S.W.2d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. For that reason, to establish that a deficient performance occurred, a defendant must show that his counsel's performance fell below objective standards and must also rebut the presumption that the actions were based on sound trial strategy. *Strickland*, 446 U.S. at 689.

In order to establish prejudice in the plea-agreement context, "a defendant must show the out of the plea process would have been different with competent advice." *Lafler*, 556 U.S. at 163. When a defendant argues that improper advice caused him to reject a plea and proceed to trial, he "must show that but for the ineffective advice of counsel there is a reasonable probability that he would have accepted the earlier plea offer had he been afforded affective assistance of counsel. *Frye*, 566 U.S. at 147. A defendant must also demonstrate a reasonable probability

6

the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id*. "To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id*.

### B. Applicable Law

As the United States Supreme Court has said, "Immigration law can be complex, and it is a legal specialty of its own." *Ex parte Aguilar*, 537 S.W.3d 122, 125 (Tex. Crim. App. 2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010)). Although criminal and immigration law often interact, criminal law attorneys are not necessarily specialists in immigration law. *Aguilar* at 122. In *Padilla*, the Court held that advice on the unique consequence of removal is within the scope of representation required by the Sixth Amendment right to counsel. 559 U.S. at 369. If the law is "not succinct and straightforward," a criminal defense attorney "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id*. However, when the deportation consequences of a guilty plea are "succinct, clear, and specific," counsel's duty to correctly advise of those consequences is "equally clear."

### B. Analysis

Appellant relies on *Padilla* for the contention that the law and circumstances surrounding his situation were succinct and straightforward. He points to the discrepancies between the advice given by trial counsel and the affidavit provided by his later-sought immigration counsel. This case does not present the typical *Padilla* claim wherein a defendant claims he involuntarily accepted a plea offer

based on his counsel's failure to inform him that acceptance of plea could result in deportation. Instead, appellant claims he refused the plea offer because counsel did not affirmatively communicate that acceptance of the plea would relieve appellant from removal proceedings.

Moreover, appellant contends that counsel incorrectly advised him that taking a plea would lead to certain deportation. The record is not clear that counsel gave this explicit advice based on the following text-message exchange from counsel:

> The prosecution has offered to drop two of the cases and put you on deferred for 18 months. I have gotten your felony reduced to a misdemeanor and the other two misdemeanors dismissed, and gotten you a type of probation where the case will be dismissed at the end of it.
>
> This is a fantastic offer, but a deferred counts as a conviction for immigration purposes, I have a duty to tell you of the offers made. This is much better that the offer this morning, but is still giving into a conviction.
>
> Reminder: if you are convicted of a felony, you are definitely going to be deported and could get up to 2 years in prison. I image you would get probation- but as a convicted felon. I think we could win at trial, but it is not a guarantee. You said today you still want to fight any conviction. Is that still true?
>
> My legal advice is to fight these cases. But I want you to understand the risk involved. I'm [at] court and can't pick up. What would you like to do?

In this exchange, counsel explains that deferred adjudication is a conviction under immigration law. This advice is correct, a deferred adjudication is a conviction under federal immigration law. *See* 8 U.S.C. § 1101(a)(48)(A) (definition of conviction under federal immigration law includes pleas of guilty

8

and nolo contendere). Counsel does not state that acceptance of the plea would result in deportation or removal. In her affidavit, counsel confirms that she told appellant a conviction could have him deported, which, of course, is correct. *See* 8 U.S.C. § 1227(a)(2) (listing criminal offenses for which alien may be deportable). That advice was also applicable to his decision to go to trial and take a risk at conviction by a jury. Additionally, counsel advised appellant to seek out an immigration attorney, who could have assisted appellant with this more nuanced inquiry, as evidenced by the affidavit of his later-sought immigration attorney, but appellant failed to heed counsel's advice. *See Ex parte Salim*, 595 S.W.3d 844, 856 (Tex. App.—Fort Worth 2020, no pet.) (noting that appellant did not heed plea counsel's advice to seek immigration counsel in holding plea counsel's performance was not deficient). The record does not reflect that counsel provided appellant with incorrect advice regarding the law or his circumstances.

The State also points out that at the time of the plea negotiations in May 2017, the law was undecided as to whether the misdemeanor offense to which appellant would have pleaded guilty to was considered a crime of moral turpitude. *See Laryea v. Sessions*, 871 F.3d 337, 343 (5th Cir. 2017) (September 2017 opinion holding that evading arrest by foot was not crime of moral turpitude). A crime of moral turpitude, including misdemeanor offenses, carries more dire immigration consequences than those not deemed crimes of moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(i) (crimes of moral turpitude committed within five years of crime for which a sentence of one year or longer may be imposed may subject an alien to deportation). Trial counsel was acting within the scope of duty imposed by *Padilla* by warning appellant that a conviction for misdemeanor evading arrest could subject him to deportation.

Consequently, appellant failed to show that trial counsel's plea advice did

not fall within the wide range of competence demanded of attorneys in criminal cases. As such, we conclude the trial court did not abuse its discretion in denying appellant's motion for new trial. Because of this conclusion, we need not address the prejudice prong of the *Strickland* analysis. *See* Tex. R. App. 47.1.

## CONCLUSION

We overrule appellant's sole issue remaining on remand and affirm the trial court's judgment.

/s/    Charles A. Spain
       Justice

Panel consists of Chief Justice Christopher and Justices Bourliot, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).